UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ARBELLA PROTECTION INSURANCE COMPANY )<br>Plaintiff, )<br>)<br>v. )<br>)<br>REGAN HEATING AND AIR CONDITIONING, INC. )<br>Defendant. ) | C.A. No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**PARTIES**

1. The Plaintiff, Arbella Protection Insurance Company ("Arbella" or "Plaintiff"), is a Massachusetts corporation and an insurance company licensed to do business in the State of Rhode Island.

2. The Defendant, Regan Heating and Air Conditioning, Inc. ("Regan"), is a Rhode Island corporation with a principal office located at 235 Georgia Avenue in Providence, Rhode Island 02905.

**FACTS**

3. Regan has alleged that on May 12, 2015, it was performing work for its customer, Robert O'Donnell, at 54 Cody Drive in Gloucester, Rhode Island ("Property").

4. Regan has alleged that the work consisted of the removal of an oil-fired burner at the Property and the installation of new burners.

5. O'Donnell has alleged that following the removal of the old burner, but prior to the installation of the new unit, home heating oil leaked into the basement of the Property as the result of Regan's alleged negligence.

## POLICY

6. Arbella issued a Commercial General Liability Policy No. 8500026670 ("Policy") to Regan.

7. The Policy contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

        […]

        **b.**    This insurance applies to "bodily injury" and "property damage" only if:

            **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

            **(2)**    The "bodily injury" or "property damage" occurs during the policy period…

    […]

8. The Policy contains the Total Pollution Exclusion Endorsement (CG 21 49 09 99), which provides as follows:

Exclusion **f.** Under Paragraph **2., Exclusions** of **Section 1-Coverage A-Bodily Injury and Property Damage Liability** is replaced by the following:

This insurance does not apply to:

**f.**     **Pollution**

1. "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, disbursal, seepage, migration, release or escape of "pollutants" at any time.

2. Any loss or cost or expense arising out of any

    a. request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or any way respond to, or assess the effects of "pollutants"; or

    b. claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, clean up, removing, containing, treating, detoxifying or neutralizing or in any way responding to, or assessing the effects of "pollutants".

9. The Commercial General Liability Coverage Form contains the following definitions:

    **SECTION V – DEFINITIONS**

    […]

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    **15.** "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

    **COUNT I: DECLARATORY JUDGMENT**

10. The Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

11. The Plaintiff therefore requests that this Court enter judgment:

    a) Declaring that there is no coverage for the alleged loss because coverage is precluded by the Total Pollution Exclusion Endorsement;

    b) Declaring that the home heating oil at issue is a "pollutant" as defined by the Policy;

    c) Declaring that Arbella can have no duty to defend or indemnify Regan for the alleged loss where there is no coverage under the Policy;

    d) Ordering such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

THE PLAINTIFF,
ARBELLA PROTECTION INSURANCE COMPANY,
BY ITS ATTORNEYS,

DATED: 10/21/15

/s/ Scott M. Carroll
Scott M. Carroll, Esquire (#7624)
scarroll@BSCtrialattorneys.com
Mary-Rose Watson, Esquire (#8848)
mwatson@BSCtrialattorneys.com
Boyle, Shaughnessy & Campo, P.C.
One Turks Head Place, Suite 1330
Providence, RI  02903
(401) 270-7676 Telephone
(401) 454-4005 Facsimile