UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                          )
ARBELLA PROTECTION                        )
INSURANCE COMPANY, INC.                   )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     C.A. No. 15-441 S
                                          )
REGAN HEATING AND AIR                     )
CONDITIONING, INC.,                       )
                                          )
          Defendant.                      )
                                          )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and/or in the Alternative to Stay ("Motion"). (ECF No. 5.)  For the reasons that follow, this Court GRANTS IN PART and DENIES IN PART Defendant's Motion. Specifically, the Court declines to dismiss this action, but grants Defendant's request for a stay pending resolution of the related state court action.

I.   Background

Defendant Regan Heating and Air Conditioning, Inc. ("Regan") is a Rhode Island corporation that sells and services residential and commercial heating and air conditioning systems.  Plaintiff Arbella Protection Insurance

Company, Inc. ("Arbella") is a Massachusetts corporation authorized to issue insurance policies in the State of Rhode Island.  Between December 1, 2014 and December 1, 2015, Arbella insured Plaintiff under a Commercial Package Policy bearing policy number 8500026770 (the "Policy").  On May 12, 2015, Defendant was performing work at a residence in Gloucester, Rhode Island, owned by Robert O'Donnell.  After removing an oil-fired burner, but prior to the installation of a new unit, home heating oil leaked into the basement and the residence suffered damage to its interior.

As a result, O'Donnell made demands upon Defendant to remediate the alleged damage.  Regan then made a demand upon Plaintiff seeking defense and indemnification for the damage. In a letter dated June 11, 2015, Plaintiff disclaimed and denied coverage for the claim.  Between June 12 and September 16, 2015, Defendant sought reconsideration of Defendant's position, but the parties could not come to an agreement.  On September 16, Defendant made a final demand upon Plaintiff seeking defense and indemnification, stating that it would take action if Plaintiff failed to indemnify.  In response, Plaintiff filed this action on October 21, 2015; the Complaint seeks a declaratory judgment stating that there is no coverage for the alleged loss because coverage is precluded by the Total Pollution Exclusion Endorsement under the Policy.

2

On November 3, 2015, Defendant filed suit in Providence County Superior Court against Plaintiff for breach of contract, common law bad faith, statutory bad faith, specific performance, and declaratory judgment. The suit also contains claims against the insurance agency that advised Regan on the policy, Christian and Regan Insurance ("C&R Insurance"), for professional negligence and breach of contract. Defendant claims that Plaintiff filed this action in anticipation of the coercive state action, but Plaintiff maintains that the action was filed in good faith, according to the normal procedures of this type of dispute.

On December 24, 2015, Defendant filed its Motion to Dismiss. In its Motion, Defendant argues that this Court should exercise its discretion under the Declaratory Judgment Act as interpreted by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277, 283 (1995) and Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942), and abstain from this action, or in the alternative, stay this action pending the outcome of the state court action.

II. Discussion

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

3

further relief is or could be sought."   28 U.S.C. § 2201.
"[D]istrict courts possess discretion in determining whether
and when to entertain an action under the Delcaratory Judgment
Act . . . ."   Wilton, 515 U.S. at 282.   Wilton and Brillhart
direct the Court to examine "the scope of the pending state
court proceeding and the nature of defenses open there,"
considering "whether the claims of all parties in interest
can satisfactorily be adjudicated in that proceeding, whether
necessary parties have been joined, whether such parties are
amenable to process in that proceeding, etc."   Id. at 283
(quoting Brillhart, 316 U.S. at 495).   "As the First Circuit
has noted, '[i]n the declaratory judgment context, the normal
principle that federal courts should adjudicate claims within
their jurisdiction yields to considerations of practicality
and wise judicial administration.'"   Standard Fire Ins. Co.
v. Gordon, 376 F. Supp. 2d 218, 224 (D.R.I. 2005) (quoting
DeNovellis v. Shalala, 124 F.3d 298, 313 (1st Cir. 1997)).

     In cases "where 'parallel proceedings . . . presenting
opportunity for ventilation of the same state law issues [are]
underway in state court,' the Court has held that these
considerations 'clearly support[ ]' a district's court's
decision to stay or dismiss a declaratory judgment action."
Id. (quoting Wilton, 515 U.S. at 290).   The determination of
whether or not there is a parallel proceeding is made at the

4

time the federal action is filed.  See OHI Asset (CT) Lender,
LLC v. Woodland Manor Improvement Ass'n ex rel. Shine, 687 F.
Supp. 2d 12, 23 (D.R.I. 2010).  In determining whether the
actions are parallel, the Court examines whether "the same
parties [are] involved in both proceedings," whether "all
claims [can] be adjudicated in state court," and whether the
outcome of "both proceedings depend[s] on resolution of
common factual questions."  Standard Fire, 376 F. Supp. 2d at
226-27.  In this case, because the state proceeding was filed
after the federal action, there is technically no parallel
action.[1]  However, it is worth noting that had the state
action been filed first, all three factors would weigh toward
abstention.  First, the same parties are involved in both
cases, with the exception of C&R Insurance, who is a party in
the state action, but not this action; however, C&R
Insurance's position in the state court case is dependent on
the outcome of the issue of coverage.  Second, the claims
made in this action can be adjudicated in the state court

---

[1] Regan argues that "the facts strongly suggest that
Arbella's filing, which was made after being threatened with
coercive suit by Regan, was an exercise in procedural fencing
and/or forum shopping."  (Def.'s Mot. 1-2, ECF No. 5-1.)
Arbella contends that this action was filed in good faith and
"is commonly considered the appropriate method to resolve a
coverage dispute between an insurer and [its] insured."
(Pl.'s Opp'n 3, ECF No. 6-1.)  This is a factual dispute not
appropriately resolved on a motion to dismiss.

action, as the primary issue in both cases is whether
Defendant's insurance policy covers the May 12, 2015 loss.
Third, the resolution of the declaratory judgment action
turns on the same factual questions that will be litigated in
the state court action, namely, the extent of coverage of the
policy with regard to the May 12, 2015 loss.

The lack of a parallel action "does not mean that
abs[t]ention under Wilton/ Brillhart is precluded." OHI, 687
F. Supp. 2d at 24. "Where there are no parallel state
proceedings, the decision to adjudicate a declaratory
judgment action remains discretionary." Standard Fire, 376
F. Supp. 2d at 231. In deciding whether to exercise their
discretion, courts also consider whether the issues presented
are governed by state or federal law, and what effect the
declaratory judgment action is likely to have on potential
conflicts of interest between the insurer and the insured.
See id. at 231-33. The first of these factors supports
abstention: the issues presented are clearly issues of state
and not federal law. The second is neutral: as in Standard
Fire, "the underlying [ ] case presents no conflict of
interest to be remedied, and because adjudication of the
declaratory judgment action creates no conflict of interest
to be avoided, this factor weighs neither in favor of nor

against this Court's dismissal of the declaratory judgment action." Id. at 233.

In balancing these factors, despite the weight that this court gives a lack of parallelism, it is appropriate to abstain; the lack of parallelism – particularly given that the actions were filed very close in time - is not sufficient to outweigh the overwhelming considerations on the other side.  The two actions rely on the same facts, will apply the same law, and will largely fall away based on the determination of coverage under the policy.  See Aetna Cas. & Sur. Co. v. Kelly, 889 F. Supp. 535, 539-40 (D.R.I. 1995) ("When all parties have a fair opportunity to litigate their claims in the state court action, the initial inquiry in determining whether the federal declaratory judgment action should be stayed is whether answering the declaratory judgment questions requires resolution of factual issues presented in the state court case. . . . [I]f the declaratory judgment action presents the same factual issues that are the subject of the state court case, a stay may be appropriate."). Furthermore, the issues presented are governed by state, not federal, law.  However, because the federal action was filed first, the Court will stay, rather than dismiss, this action.

III. Conclusion

For the foregoing reasons, Defendant's Motion is hereby GRANTED IN PART and DENIED IN PART.  Specifically, the Motion to Dismiss is DENIED, and the Motion to Stay is GRANTED. Accordingly, this action will be STAYED pending resolution of the related state court action.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date:  June 10, 2016